**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 23, 2022
Date Decided: November 17, 2022

Eric D. Selden, Esquire
Anthony M. Calvano, Esquire
Ross Aronstam & Moritz LLP
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801

P. Clarkson Collins, Jr., Esquire
K. Tyler O'Connell, Esquire
Samuel E. Bashman, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801

RE: *Sorenson Impact Foundation v. Continental Stock Transfer & Trust Company*, C.A. No. 2021-0413-SG

Dear Counsel:

This matter involves the diversion of merger consideration by third-party hacker/fraudsters. Those parties are, presumably, beyond the reach of justice, at least in this mortal plane. The parties to the merger transaction, therefore, are left to contest who among them must bear the loss.

In the merger, Defendant Tassel Parent Inc. acquired Defendant Graduation Alliance, Inc. (together, the "Company Defendants"). The Plaintiff, Sorenson Impact Foundation, is a former stockholder of Graduation Alliance, Inc., and is the entity whose consideration was purloined. The details of the transaction are adequately, I think, laid out in a prior Memorandum Opinion in this matter

("*Sorenson I*"),[1] where I dismissed then-Defendant Continental Stock Transfer & Trust ("CST") for lack of personal jurisdiction.[2] The Plaintiff seeks to recover under theories of breach of contract and unjust enrichment. Pending before me is the Company Defendants' motion to dismiss both counts for failure to join the transfer agent contractually bound to facilitate the transaction, CST, as well as the legal advisor for the transaction, Holland & Knight ("H&K"). Both, per Company Defendants, are necessary and indispensable parties under Rule 19. Generally, it appears that CST and/or H&K were the entities directly fooled by the third-party fraudsters.

The Company Defendants are thus correct that this case is a quadripartite dispute shoehorned into a bilateral contract action. As I suggested at oral argument,[3] the most elegant solution to this dispute would be for the Company Defendants to waive the forum selection clause ("FSC") in the merger agreement, which provides for Delaware jurisdiction.[4] The Plaintiff is bound by both the FSC and my ruling that this Court lacks personal jurisdiction over CST; CST does business in New York and its duties in this matter stem from a contract with a New York forum selection

[1] *Sorenson Impact Found. v. Cont'l Stock Transfer & Tr. Co.*, 2022 WL 986322, at **2-6 (Del. Ch. Apr. 1, 2022).

[2] In the interests of judicial economy, this opinion incorporates by reference the facts of *Sorenson I.*

[3] Tr. of 8-23-2022 Oral Arg. on Defs.' Mot. to Dismiss at 14:4-15, Dkt. No. 62.

[4] Verified Am. Compl., Ex. A. § 13.8, Dkt. No. 6.

clause.[5]  Consequently, the Plaintiff is unable to get all possible defendants into one forum.  By waiving the FSC, the Company Defendants would mitigate both parties' fears of prejudice and costly multi-forum litigation.[6]  However, that decision ultimately rests with the Company Defendants, and they stand on their contractual right to this forum.

This Court may dismiss a claim under Rule 12(b)(7) for failure to join a necessary and indispensable party in accordance with Rule 19.[7]  This determination requires a two-part inquiry.  Under Rule 19(a), the Court determines whether an absent party is necessary.[8]  Necessary parties should be joined if feasible.[9]  When an absent party is necessary but joinder is not feasible, the Court weighs the four factors of 19(b) to determine that party's indispensability.[10]

Rule 19(a) requires the joinder of parties necessary to a just adjudication.[11]  Under this rule, the Court examines whether an absent party has an interest in the action that would be impaired or impeded in its absence.[12]  The Court also looks to whether a party's absence would subject it to a substantial risk of multiple or

---

[5] *Id.*, Ex. B. § 4.11.
[6] *In re Coinmint, LLC*, 261 A.3d 867, 893 (Del. Ch. 2021) ("It is well settled in Delaware that contractual requirements or conditions may be waived.") (citing *AeroGlobal Cap. Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005)).
[7] Ct. Ch. R. 12(b)(7).
[8] *NuVasive, Inc. v. Lanx, Inc.*, 2012 WL 2866004, at *1 (Del. Ch. July 11, 2012).
[9] *Id.* at *2.
[10] *Id.* (citing Ct. Ch. R. 19(b)).
[11] Ct. Ch. R. 19(a).
[12] *Id.*

inconsistent obligations related to the action.[13] If a party is necessary, it must be joined if feasible.[14] For the purposes of this analysis, I assume that both CST and H&K are necessary parties under 19(a). CST's joinder is not feasible, for the reasons explained in *Sorenson I.*[15]

If joinder is not feasible, the Court then determines if the necessary party is also indispensable under 19(b) by weighing the following factors: (1) to what extent a judgment might be prejudicial to the absent person or the parties; (2) the extent to which provisions in the judgment can lessen or avoid prejudice; (3) whether the person's absence will render the judgment inadequate; and (4), whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.[16] If the absent party is both necessary and indispensable, the Court will dismiss the action.[17]

I hold that CST is not indispensable. Starting from the first factor, the Company Defendants contend that they will be prejudiced by CST's absence.[18] The alleged prejudice includes costly third-party discovery and the risk of relitigating the

---

[13] *S'holder Representative Servs. LLC v. RSI Holdco, LLC*, 2019 WL 2207452, at *4 (Del. Ch. May 22, 2019); *see also NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC,* 922 A.2d 417, 436 (citing Ct. Ch. R. 19(a)).
[14] Ct. Ch. R. 19(a).
[15] *Sorenson*, 2022 WL 986322, at **13-22.
[16] Ct. Ch. R. 19(b); *see Makitka v. New Castle Cty. Council*, 2011 WL 6880676, at *4 (Del. Ch. Dec. 23, 2011) (reasoning the 19(b) factors are interdependent and must be considered in relation to each other and the facts of the case).
[17] *Makitka* at *4. ("[the Court shall] determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.").
[18] Defs.' Opening Br. in Supp. of Mot. to Dismiss at 16-17, Dkt. No. 14.

same facts and circumstances in a contribution action, if the Company Defendants lose here.[19] These arguments fall short when viewed in light of the causes of action alleged in the amended complaint, which narrowly concern performance under the merger agreement.[20] CST is not a signatory to the merger agreement.[21] There may be a need for third-party discovery, but third-party discovery is common and likely insufficiently prejudicial to invoke dismissal under the Rule.

Regarding the second factor, this Court has broad discretion to fashion a suitable remedy.[22] At this stage, it is reasonable to infer that I could craft relief that mitigates the purported prejudice discussed above.

Under the third 19(b) factor, if the Plaintiff prevails at trial on its contract claims, CST's absence will not impact the judgment's adequacy. The Company Defendants would be free to bring a suit for contribution against CST or H&K. CST's absence would also have no impact on a judgment favorable to the Company Defendants. Thus, while it would be *efficient* to have all parties present, judgments in their absence would not be inadequate on these narrow contract claims.

19(b)'s fourth factor, which addresses a *plaintiff's* prejudice should a motion to dismiss be granted, presents the largest prejudicial risk. If the Plaintiff's claims

---

[19] *Id.*
[20] *See* Verified Am. Compl., Dkt. No. 6.
[21] *See Id.*, Ex. A.
[22] *See Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 961 A.2d 521, 525 (Del. 2008); *see also Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 176 (Del. 2002).

were dismissed, it would be constructively barred from litigating its breach of contract claim against the Company Defendants. This is because the FSC restricts any causes of action arising from the merger agreement to Delaware courts.[23] Balancing any potential prejudice to the Company Defendants against the clear prejudice to the Plaintiff, I find that dismissal would be inequitable and that this narrow action must proceed.

With respect to H&K, to the extent that it is a necessary party, there has been no showing that it may not be joined here.

For the foregoing reasons, I deny the Defendants' 12(b)(7) Motion to Dismiss.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

[23] Verified Am. Compl., Ex. A. § 13.8, Dkt. No. 6.